JANE FORTESCUE v. COLUMBIA REAL ESTATE COMPANY.

Submitted July 15, 1907—Decided November 11, 1907.

An outstanding tenancy from year to year, created by the grantor, is a breach of a covenant of warranty of title contained in his deed.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justice GARRISON.

For the plaintiff, *George A. Bourgeois*.

For the demurrant, *Clarence L. Cole*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action for a breach of a covenant of warranty contained in a deed made by the defendant company to the plaintiff. The covenant is special, and is as follows: "And the said party of the first part, for itself and its successors, doth by these presents covenant, grant and agree to and with the said party of the second part, her heirs and assigns, that it, the said party of the first part, and its successors, all and singular, the hereditaments and premises herein above described and granted, with the appurtenances, unto the said party of the second part, her heirs and assigns, against it, the said party of the first part, and its successors, and against all and every other person or persons lawfully claiming by, from, through or under it, shall and will warrant and forever defend." The deed bears date March 1st, 1906. The breach urged is that at and before this date, and until the time of the commencement of the present action, a portion of said premises were, and still are, in the lawful possession of one McConomy, under and by virtue of a written lease made on the 9th day of June, 1904, by the defendant company to McConomy, the term of which expired

on the 1st of October of that year, and under a holdover agreement, the terms of which were the same as those of the original instrument, and by force of which he became a tenant from year to year. It is claimed on behalf of the demurrant that the written lease and the holdover agreement merely created an encumbrance against the granted premises, and did not constitute a breach of the covenant of warranty.

This contention, in our opinion, is unsound. In the case of *Carter* v. *Denman,* 3 *Zab.* 260, this court declared that an action upon a covenant of warranty of title was sustainable whenever there was either an actual eviction, or a disturbance of title, or possession by paramount title tantamount to an eviction. McConomy's possession at the time of making the conveyance, and up to the time of the commencement of the suit, under the holdover agreement set out in the declaration, was a possession by paramount title tantamount to an eviction. The agreement and the possession under it constitute a breach of the special covenant contained in the plaintiff's deed.

The plaintiff is entitled to judgment on the demurrer.